Sang Joon Park v Orvieto (2019 NY Slip Op 02137)





Sang Joon Park v Orvieto


2019 NY Slip Op 02137


Decided on March 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2017-10643
 (Index No. 703487/14)

[*1]Sang Joon Park, appellant,
v
Lawrence Orvieto, respondent, et al., defendant.


Andrew Park, P.C., New York, NY (Jusun Yook of counsel), for appellant.
Brand Glick & Brand, P.C., Garden City, NY (Peter M. Khrinenko of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Cheree A. Buggs, J.), entered September 5, 2017. The order granted the motion of the defendant Lawrence Orvieto for summary judgment dismissing the complaint insofar as asserted against him on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant Lawrence Orvieto for summary judgment dismissing the complaint insofar as asserted against him is denied.
The plaintiff commenced this action to recover damages for personal injuries he alleges he sustained in a motor vehicle accident on April 2, 2014. The defendant Lawrence Orvieto (hereinafter the defendant) moved for summary judgment dismissing the complaint insofar as asserted against him on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. The Supreme Court granted the motion, and the plaintiff appeals.
The defendant established, prima facie, that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957) through competent medical evidence demonstrating, prima facie, that the plaintiff's alleged left shoulder injury did not constitute a serious injury under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614, 614).
In opposition, however, the plaintiff raised a triable issue of fact as to whether he sustained a serious injury to his left shoulder under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102(d) through the affirmation of his expert (see Perl v Meher, 18 NY3d 208, 218-219). The burden did not shift to the plaintiff to [*2]raise a triable issue of fact regarding causation or to explain any gap in treatment, as the defendant failed to establish, prima facie, a lack of causation (see Pommells v Perez, 4 NY3d 566, 577-578; Lambropoulos v Gomez, 166 AD3d 952).
Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint insofar as asserted against him.
DILLON, J.P., CHAMBERS, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court